SEALED

ORDERED UNSEALED on 02/08/2024 s/ melindajw

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAVIER PONCE,

Defendant.

Case No.: **24mj0189-BLM**

COMPLAINT FOR VIOLATION OF:

Title 21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Methamphetamine; Title 18 U.S.C. §924(c)(1) – Possession of a Firearm During the Commission of a Drug Trafficking Crime; Title 18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm

The undersigned complainant being duly sworn states:

COUNT ONE

On or about November 2, 2023, within the Southern District of California, defendant JAVIER PONCE, did knowingly and intentionally possess, with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//

//

//

//

//

COUNT TWO

On or about November 2, 2023, within the Southern District of California, defendant JAVIER PONCE, in furtherance of a drug trafficking crime, namely possession with intent to distribute methampheatmine as charged in Count One, did knowingly possess a firearm, that is, a loaded Marlin .22 rifle, bearing serial number H3913, in violation of Title 18, United States Code, Section 924(c)(1).

COUNT THREE

On or about November 2, 2023, within the Southern District of California, defendant JAVIER PONCE, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a loaded Marlin .22 rifle, bearing serial number H3913, in violation of Title 18, United States Code, Section 922(g)(1).

Jwan Rafo

JWAN K. RAFO
SPECIAL AGENT, ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 22 day of January 2024.

Barbara L. Major

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

# PROBABLE CAUSE STATEMENT

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all the information known to myself or other federal agents and state and local officers regarding this investigation but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On November 2, 2023, at approximately 3:15 p.m. patrolling National City Police Department Officers observed a black truck run a stop light near the intersection of Palm Aveue and Division Street in National City, which is within the Southern District of California. Officers pursuing the black truck also observed the truck to have tinted rear lights. The Officers initiated a traffic stop of the black truck based on those California vehicle code violations. As the black truck began to pull over, Officers observed the driver and sole occupant to be moving around in the cabin of the vehicle as if trying to conceal or access something hidden within the vehicle. The black truck ultimately stopped and Officers identified Javier PONCE as the driver and sole occupant of the black truck.

Officers ordered PONCE out of the vehicle and conducted a safety pat down of his body. During the pat down, Officers felt a hard long object in PONCE’s right pants and believed it to possibly be a folding knife or other weapon. Officers removed the item from PONCE’s pants and determined it to be a plastic tool-type object connected to multiple baggies of suspected methamphetamine. Officers then asked PONCE when he last used narcotics and whether he had more narcotics in the truck. PONCE stated he last used methamphetamine that morning and had an ounce and a half of more methamphetamine in the black truck. PONCE was then arrested for possession of the methamphetamine in his pocket. A search of the truck revealed a total of approximately 43.3 grams (approximately 1.5 ounces) of methamphetamine in PONCE’s possession during the traffic stop.

Officers then executed a search warrant at PONCE’s residence, which is located at 1740 E. 4th Street Apartment #4 in National City, which is within the Southern District of California. PONCE’s wife, daughter, and son were present during the execution of a search

warrant. Officers executing the search warrant searched the garage and PONCE's wife advised Officers that PONCE was the only person with a key to the garage and is the only individual that accesses the garage.

During a search of PONCE's garage, Officers found a backpack on the north end of the garage containing approximately 18 grams of methamphetamine, dozens of small plastic baggies, and cash in various demoninations. A further search of the north end of the garage revealed a loaded .22 caliber Marlin rifle bearing serial number H3193. The remainder of the garage was searched, which resulted in the recovery of three digital scales, glass smoking pipes, and ammunition rounds and of various calibers with compatible firearm magazines, among other items.

A records check of PONCE revealed the following felony criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 11/29/2018 | CASC – San Diego | HS §11378 – Possess Controlled Substance for Sale | Stayed (Probation Revocation) |

The Marlin firearm was seized and inspected. Preliminary checks revealed that the firearm was not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.

Based on my training and experience, the quantity of methamphetamine seized from PONCE during the traffic stop and from PONCE's garage are distributable quantities. In my experience, individuals involved in drug trafficking will frequently possess a firearm to protect themselves, their drugs, and proceeds from drug sales. Further, PONCE's possession of drug distribution paraphernalia such as digital scales and small plastic baggies is consistent with distribution of controlled substances in smaller quantities using those tools and receiving cash proceeds in return.

**<u>REQUEST FOR SEALING</u>**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable

cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.